**STATE OF WEST VIRGINIA**

**FILED**
**October 13, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**B.R.,**
**Plaintiff Below, Petitioner**

**vs.) No. 18-1141** (Kanawha County 18-C-670)

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,**
**BUREAU FOR CHILDREN AND FAMILIES, CHILD PROTECTIVE SERVICES,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner B.R., by counsel Christopher T. Pritt, appeals the order of the Circuit Court of Kanawha County, entered on November 20, 2018, granting the respondents' Motion to Dismiss. [1] The respondents, West Virginia Department of Health and Human Resources, Bureau for Children and Families, Child Protective Services (collectively, "respondents"), by counsel Julie Meeks Greco and Nathan R. Hamons, filed a response in favor of the circuit court's order. On appeal, petitioner argues that the trial court erred in granting the respondents' motion to dismiss.

Upon consideration of the parties' briefs and oral arguments, the submitted record, and the applicable authorities, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and this case is remanded for further proceedings.

This is the second time that this Court has been asked to review the claims of petitioner as they relate to the respondents. In October of 2016, petitioner filed a civil complaint against respondents alleging a single cause of action for negligence. In the 2016 complaint, petitioner alleged that she was removed from her parents' home in 1998 due to abuse and neglect. She further alleged that following her removal, respondents placed her in the home of her aunt and uncle where she endured years of sexual assault, molestation, rape and beatings. Finally, she alleged that respondents received reports of the abuse but failed to take any action to help her. Respondents filed a motion to dismiss petitioner's claim asserting the defense of qualified immunity. The circuit court granted respondents' motion to dismiss, without prejudice, and petitioner appealed that decision to this Court. This Court affirmed the circuit court's decision in *B. R. v. W. Va. Dep't of Health & Human Res.*, 2018 WL 2192480 (W. Va. May 14, 2018).

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

(memorandum decision) (hereinafter "*B. R. I.*"). In affirming the circuit court's decision, this Court found that pleading simple negligence, without a violation of a clearly established right, is insufficient to overcome qualified immunity.

Following this Court's decision in *B. R. I.*, petitioner filed the instant case in the Circuit Court of Kanawha County.[2] In this case, petitioner again alleged negligence, but she added an additional count to her complaint alleging that respondents violated a statutory provision. Although petitioner generally alleged that respondents violated her statutory rights in *B. R. I.,* she did not, in her complaint, clearly identify a specific statute that was allegedly violated. The complaint in the instant case contains an additional count (Count 2) which alleges that the respondents violated W. Va. Code § 49-2-802.[3] The statutory provision respondents are alleged to have violated required the local child protective services office:

> [u]pon notification of suspected child abuse or neglect, commence or cause to be commenced a thorough investigation of the report and the child's environment. As a part of this response, within fourteen days there shall be a face-to-face interview with the child or children and the development of a protection plan, if necessary for the safety or health of the child, which may involve law-enforcement officers or the court…

W. Va. Code § 49-2-802.[4]

After the filing of the instant case, respondents filed a motion to dismiss petitioner's claims, again asserting the defense of qualified immunity. By order entered on November 20, 2018, the circuit court granted the respondents' motion to dismiss. In its order, the circuit court noted that it was "bound by the decision and reasoning of the West Virginia Supreme Court in *B.R.* in which the Court held that the Defendants were entitled to qualified immunity for the actions Plaintiff argues they committed, the same actions upon which the instant *Complaint* is predicated." This appeal by petitioner followed.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Moreover, this Court has held that:

> "[t]he ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona

---

[2] The instant case was filed in the Circuit Court of Kanawha County on May 21, 2018.

[3] In addition to alleging the violation of a statutory provision, petitioner also alleges that respondents violated her constitutional rights. Because we believe that the alleged violation of a statutory provision is dispositive, we do not address the other alleged violations.

[4] Petitioner alleges violation of West Virginia Code § 49-2-802 "enacted between 2010 and 2013." The applicable version of the code is West Virginia Code § 49-6A-9, which was effective during the time period referenced in petitioner's complaint.

2

fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition." *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996).

Syl. Pt. 3, *W. Va. Regional Jail and Correctional Facility Authority v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014).

As we have done in the past with cases involving qualified immunity, we take this opportunity to express our concern over the seriousness of the allegations contained in petitioner's complaint. While being mindful of the seriousness of the allegations, we are still "constrained to the faithful application of the law." *Id.* at 500, 766 S.E.2d 751 at 759.

When analyzing qualified immunity cases, we are guided by the following:

A public executive official who is acting within the scope of his authority and is not covered by the provisions of W. Va. Code 29-12-1 *et seq.* [the West Virginia Governmental Tort Claims and Insurance Reform Act], is entitled to qualified immunity from personal liability for official acts if the involved conduct did not violate clearly established laws of which a reasonable official would have known. There is no immunity for an executive official whose acts are fraudulent, malicious, or otherwise oppressive.

Syllabus, in part, *State v. Chase Securities*, 188 W. Va. 356, 424 S.E.2d 591 (1992).

In its order granting respondents' motion to dismiss, the circuit court described the complaint in the instant case as "nearly identical" to the Complaint filed in *B. R. I.* We agree that the complaint in the instant case looks very much like the complaint filed in *B. R. I.* However, the complaint in this case contains one important difference – it includes a second count for "violation of a clearly established law." Specifically, petitioner alleges that the respondents violated a specific statute, W. Va. Code § 49-2-802, which requires the local child protective services office:

[u]pon notification of suspected child abuse or neglect, commence or cause to be commenced a thorough investigation of the report and the child's environment. As a part of this response, within fourteen days there shall be a face-to-face interview with the child or children and the development of a protection plan, if necessary for the safety or health of the child, which may involve law-enforcement officers or the court.

W. Va. Code § 49-2-802. In addition to identifying this statutory provision, petitioner also alleges specifically how the statutory provision was violated.

Respondents, however, do not believe that the statutory provision alleged to be violated rises to the level of a clearly established right. "[T]he question of whether the constitutional or statutory right was clearly established is one of law for the court." *Hutchison*, 198 W. Va. at 149, 479 S.E.2d at 659. However, this question was not expressly addressed by the circuit court. In

granting respondents' motion to dismiss, the circuit court made no finding as to whether the statutory provision and any other claims made by petitioner rise to the level of a clearly established right. In fact, the only mention of the statutory provision alleged to be violated is found in a footnote in the circuit court's order.[5]

In dismissing the instant case, the circuit court concluded that it was "bound by the decision and reasoning of the West Virginia Supreme Court in *B.R.[I]* in which the Court held that the Defendants were entitled to qualified immunity for the actions Plaintiff argues they committed, the same actions upon which the instant *Complaint* is predicated." However, a review of *B. R. I.* reveals that this Court reviewed the pleadings and found that "[p]leading simple negligence, without a violation of a clearly established right, is insufficient to overcome qualified immunity." *B.R.I.,* at *2. In *B. R. I.*, this Court did not pass judgment on the alleged conduct, but rather on the sufficiency of the pleading filed by petitioner to withstand the defense of qualified immunity. Petitioner failed to satisfy the pleading requirement necessary to defeat the defense of qualified immunity in *B. R. I.* because "she failed to identify any specific law that was allegedly violated. *Id.* at *3. In the instant case, she identified a specific statute that was allegedly violated. For this reason, the circuit court erred in concluding that the complaint in the instant case suffers from the same deficiency as the complaint in *B. R. I.*

We are furthermore unpersuaded by respondents' argument that petitioner's claims are barred by the doctrines of *res judicata* or collateral estoppel. The petitioner's 2016 case, *B. R. I.*, was dismissed without prejudice. Collateral estoppel and *res judicata* require that the first judgment be rendered on the merits by a court that has competent jurisdiction over the subject matter and the parties. *Conley v. Spillers*, 171 W. Va. 584, 301 S.E.2d 216 (1983). In 1975, this Court adopted the view that a "prior dismissal under 12(b)(6) is a final judgment unless the Court specifically dismisses without prejudice." *Sprouse v. Clay Communication, Inc.*, 158 W. Va. 427, 460, 211 S.E.2d 674, 696 (1975*). B. R. I.* was dismissed pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, and the circuit court in that case expressly noted that the case was dismissed without prejudice. Therefore, petitioner's claims are not barred by *res judicata* or collateral estoppel.

For the aforementioned reasons, the circuit court's November 20, 2018 order is hereby reversed and this case is remanded for further proceedings.

Reversed.

**ISSUED**: October 13, 2020

---

[5] The circuit court recognized that Petitioner included an additional count in the Complaint in the instant case – Count 2: Violation of Clearly Established Law. However, the circuit court found in footnote no. 7 that this count was included "only in an attempt to defeat Defendants' qualified immunity, not as a claim for relief in itself."

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison